UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMIR HOSSEINI,

        Petitioner,                              Case Number 17-11386
                                                                   Honorable David M. Lawson

v.

J.A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Amir Hosseini, currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hosseini seeks relief from his federal criminal sentence, imposed by the United States District Court for the Northern District of Illinois. Because Hosseini has not demonstrated that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the Court finds that he has brought this action under section 2241 improperly and therefore will dismiss the petition.

I.

The United States Court of Appeals for the Seventh Circuit summarized the facts surrounding Hosseini's prosecution and conviction:

> Hosseini and Obaei each owned a used-car dealership in Chicago, and together they owned a third. The evidence at trial established that they jointly operated all three dealerships. They frequently transferred large sums of money among the three dealerships. They bought inventory together, moved vehicles around the three car lots, referred customers to each other, and pooled their employee services, financial services, and employee benefits.
>
> They also regularly sold expensive cars to Chicago-area drug dealers, who usually paid in cash, often in small bills—tens, twenties, and fifties rubber-banded together and carried in paper or plastic bags or shoe boxes. On the occasions when they gave their drug dealer customers in-house financing, Hosseini and Obaei did not require

a credit application, proof of legitimate income, or other normal financial paperwork. They doctored sales contracts by changing purchase prices and Social Security numbers, and often used the names of straw purchasers. They routinely failed to file the forms required by the IRS when a customer pays $10,000 or more in cash. They placed false liens on vehicles, which (among other things) allowed the dealerships to claim ownership and recover the vehicles if they were seized by law enforcement, and also enabled the drug dealers to trade in the vehicles for new cars.

Although Hosseini and Obaei frequently received large payments in cash, they arranged their bank deposits to avoid depositing more than $10,000 in cash in any single transaction, which would have triggered an obligation on the bank's part to report the cash transaction to the federal government. Prosecutors presented evidence that on at least 51 days, Hosseini and Obaei made deposits totaling more than $10,000 but divided the total among separate transactions to make sure that no single deposit exceeded the $10,000 threshold. For example, on a single day, Hosseini made six deposits of between $9,180 and $9,815 at the same bank. On another occasion he deposited $9,750 and $9,810 at the same bank in two transactions that occurred only five minutes apart. Likewise, on another day Obaei deposited a total of $14,500 in two separate transactions, 15 minutes apart, at the same bank.

This course of conduct stretched from 1995 to 2005 and involved millions of dollars in laundered drug money. In a 100-count indictment, the government charged Hosseini with RICO conspiracy, 18 U.S.C. § 1962; six money-laundering counts, 18 U.S.C. § 1956; 51 counts of structuring transactions to avoid reporting requirements, 31 U.S.C. § 5324; and four counts of mail fraud, 18 U.S.C. § 1341. Obaei was charged with RICO conspiracy; aiding and abetting a drug-trafficking conspiracy, 21 U.S.C. § 846; seven money-laundering counts; 30 counts of structuring; three counts of bank fraud, 18 U.S.C. § 1344; and four counts of mail fraud. Two of the money-laundering counts and one structuring count were dismissed before trial, and the jury convicted the defendants on the remaining 97 counts. Hosseini was sentenced to 240 months in prison; Obaei received a 180-month sentence. The district court also ordered all three dealerships forfeited.

*United States v. Hosseini*, 679 F.3d 544, 548-549 (7th Cir. 2012).

Among other claims, on direct appeal Hosseini challenged the sufficiency of the evidence presented against him, relying on the Supreme Court's narrow construction of the money-laundering statute in *United States v. Santos*, 552 U.S. 507 (2008). Hosseini asserted that under *Santos* the government was required to prove that the defendant engaged in the specified financial transactions

for the purpose of laundering the "net profits" of the underlying crime, whereas at trial the government only offered evidence that Hosseini laundered the "gross receipts." *Hosseini*, 679 F.3d at 549-550. The Seventh Circuit found that because the claim was not raised at trial, review was limited to whether "plain error" occurred. The court then denied relief because "[a]t the time of their trial, it was unclear whether proof of 'proceeds' in a concealment or avoidance money-laundering prosecution required proof that the defendant laundered net profits of the underlying criminal activity. Accordingly, as in [*United States v. Aslan*, 644 F.3d 526, 550 (7th Cir. 2011)], the claimed error—if there was one—was not plain." *Id.* at 552.

Hosseini subsequently filed a petition under section 2255 in the Northern District of Illinois challenging his convictions on eleven grounds. The district court explained that "[g]round one charges counsel with ineffectiveness in not having raised an issue as to defining 'proceeds' (as between 'net profits' and 'gross receipts') in the jury instructions on the money laundering counts." *United States v. Hosseini*, No. 13-cv-2472, ECF No. 33, at 3 (N.D. Ill. Sept. 12, 2014). The court denied the claim, reasoning,

> the "proceeds" question was unsettled at the time of trial and, that being so, that the government's response correctly stated that "defense counsel's failure to object to a facially reasonable jury instruction cannot be ineffective assistance." Moreover, though reviewing that issue under a plain error standard, our Court of Appeals' opinion, 679 F.3d at 550-52, pointed out that at the time of trial a "fractured" Supreme Court opinion had left the issue unclear, and the Court of Appeals did not hold that any error had taken place — but it concluded that even if that had been so, any potential error was certainly not plain. In sum, Ground One plainly does not support a determination of "prejudice" under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].

*Ibid*.

Hosseini attempted to appeal this decision, but the Seventh Circuit denied his application for a certificate of appealability. *Hosseini v. United States*, No. 14-3207 (7th Cir. Jan. 15, 2015).

Hosseini then filed a motion for relief from judgment in the district court raising additional claims not pertinent here, but the motion was denied. *Hosseini*, No. 13-cv-2472, ECF No. 55 (N.D. Ill. May 11, 2016).

Hosseini's present petition revisits this issue in a slightly different iteration: he asserts that he is entitled to relief under section 2241 because he is actually innocent of the money laundering convictions in light of *Santos*' construction of the money-laundering statute.

II.

Normally, the proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Section 2255 itself confines relief from a federal sentence to the procedures contained in that statute, except in limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *see also Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The narrow exception prescribed in section 2255(e) applies only where the petitioner demonstrates a claim of actual innocence that would be barred if brought by way of a second or successive section 2255 petition. *Wooten*, 677 F.3d at 307; *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

Hosseini has not made that showing here, for two reasons. First, there is nothing before the Court that suggests that he could not have made his *Santos*-based argument in his section 2255

motion filed in the trial court. In fact, the issue was raised, although obliquely, through the claim of ineffective assistance of counsel. Second, it does not appear that Hosseini is actually innocent in all events.

An actual innocence claim based on a change in statutory interpretation requires the petitioner to show, "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (citing *Wooten*, 677 F.3d at 307-08). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Hosseini's petition here parallels the proceedings described in *McLean v. Holland*, No. 11-124, 2012 WL 5878681 (E.D. Ky. Nov. 21, 2012), *aff'd* No. 12-6526, 2013 U.S. App. LEXIS 26412 (6th Cir. Sept. 23, 2013). McLean was convicted in 2002 of several offenses including money laundering in violation of 18 U.S.C. § 1956. 2012 WL 5878681 at *1. After the Supreme Court decided *Santos*, McLean amended his pending section 2255 motion to claim that his counsel was ineffective for failing to raise the issue decided in *Santos*. *Ibid*. The trial court and Fourth Circuit denied relief. *Id.* at *2. Then, in 2011, McLean filed a section 2241 petition in the Western District of Kentucky, asserting among other claims that (1) his convictions for the several substantive offenses and the conspiracy charge were invalid, in light of *Santos*; and (2) he was actually innocent of the money-laundering offense because *Santos* defined the statutory term "proceeds" to signify

"profits," not gross "receipts"; and his conviction was based on the gross receipts of the illegal activity. *Id*. at \*3.

The district court denied the petition, based in part on the conclusion that McLean did not establish that he was actually innocent of money laundering, even under *Santos*, because the trial court had rejected that claim in the earlier section 2255 proceedings. *Id*. at \*4. McLean appealed, and the Sixth Circuit found that the section 2241 petition was appropriately dismissed despite McLean's argument that he was actually innocent in light of *Santos*:

> To the extent that McLean's second claim is based on *Santos*, he has not shown that § 2255 is "inadequate or ineffective to test the legality of his detention." Instead, he is attempting to raise a claim that he could have raised previously because his current *Santos* claim was available to him during the prior § 2255 proceedings. Indeed, the district court allowed McLean to amend his § 2255 motion based on *Santos*, but instead of challenging the validity of his convictions in light of *Santos*, McLean asserted a claim that counsel was ineffective for failing to argue that his money-laundering conviction was invalid in light of *Santos*. However, § 2255 is not an inadequate remedy where the petitioner simply did not raise the alleged error in a prior § 2255 petition and is now barred from doing so or because § 2255 relief has already been denied. Finally, McLean cannot establish his factual innocence based on *Santos* because, as the district court properly determined when it denied his prior § 2255 motion, his money-laundering convictions were proper — even in light of *Santos* — because McLean had used the proceeds from his fraudulent mortgage scheme to engage in new criminal schemes and for his own personal expenditures.

*McLean*, 2013 U.S. App. LEXIS 26412, \*6-7 (citations omitted).

As in *McLean*, Hosseini could have (and did) raise his *Santos* claim during his direct appeal and his section 2255 proceeding. On direct appeal he raised the claim as a challenge to the sufficiency of the evidence, and in his section 2255 proceeding he chose to raise the claim as one of ineffective assistance of counsel. Thus, Hosseini had a meaningful opportunity to raise his *Santos* claim on direct appeal and on post-conviction review. *Wooten*, 677 F.3d at 307-08. The fact that the reviewing courts denied him relief is not a basis for finding that those proceedings were

inadequate. *See Charles*, 180 F.3d at 756. "Sixth Circuit law is clear that a habeas petitioner cannot be allowed to use a § 2241 petition as a 'second bite at the apple,' a *de facto* appeal from a trial court's denial of relief under § 2255." *McLean*, 2012 WL 5878681, at *4 (citing *Charles,* 180 F.3d at 756).

Moreover, Hosseini has not alleged or put forth any evidence that it is more likely than not that no reasonable juror would have convicted him if *Santos*' interpretation of the money-laundering statute had been used at his trial. Hosseini merely alleges that "the same 'transactions' *may have been used* to prove both the underlying unlawful activity and the money-laundering charges; and thus Hosseini's convictions for mail fraud . . . *potentially* 'merged' . . . with Hosseini's money-laundering conviction." Dkt. 1, at 4 (emphasis added). He asserts that he "was *potentially* convicted of several nonexistent offenses. . . ." *Id.* at 5 (emphasis added). A prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence. *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013). Hosseini has produced no evidence that the government relied on the same transactions for the mail-fraud and money-laundering charges; he instead simply asserts that the evidence presented at his trial *may have* been legally insufficient in light of *Santos.* This allegation is insufficient to state a claim of actual innocence.

III.

Because Hosseini has not shown that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief from his criminal sentence under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: July 18, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2017.

                              s/Susan Pinkowski  
                              SUSAN PINKOWSKI